FILED
2011 Jan-18  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

MICHAEL D. WRIGHT, )
                                  )
      **Plaintiff,** )    **Case No.:** _____
                                    )
**v.** )
                                    )
**ACXIOM INFORMATION SECURITY** )
**SERVICES, INC.** )
                                    )
      **Defendant.** )

## NOTICE OF REMOVAL

Defendant Acxiom Information Security Services, Inc. ("AISS") hereby removes this civil action to the United States District Court for the Northern District of Alabama, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332 on the following grounds:

1.     Plaintiff Michael D. Wright ("Plaintiff" or "Wright"), commenced an action on or about October 27, 2010, by filing a Complaint with the Clerk of the Circuit Court of Jefferson County, Alabama, entitled *Michael D. Wright v. Acxiom Corporation, d/b/a Acxiom Information Security Services*, Case No. CV-2010-903890.00 (the "State Court Action").

2.     On or about November 3, 2010, Plaintiff served a copy of the Complaint on Defendant Acxiom Corporation ("Acxiom").

3.      On January 6, 2011, Plaintiff and Acxiom stipulated to the dismissal of Acxiom from the State Court Action and substituted Acxiom Information Security Services, Inc. ("AISS") as the named defendant in the State Court Action. AISS acknowledged service of the Complaint on January 6, 2011.  Thus, the action commenced against AISS on January 6, 2011.

4.      On January 7, 2011, AISS filed and answer to the Complaint.

5.      On January 8, 2011, the Circuit Court of Jefferson County, Alabama, entered an order substituting Defendant AISS for Acxiom.

6.      A true and accurate copy of the foregoing papers, which constitute all of the processes and pleadings to date are annexed hereto as Exhibit A.

7.      In his Complaint, Plaintiff alleges violations of a federal statute, the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b) and 1681k(a)(1). *See* Counts One and Two, Plaintiff's Complaint, Exh. A attached hereto.

8.      Therefore, the Complaint presents a federal question for purposes of 28 U.S.C. § 1331.

9.      Defendant AISS removes this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10.     Plaintiff does not oppose this Notice of Removal.

11.     This case is subject to removal under 28 U.S.C. § 1441.

12.     This Notice of Removal is timely pursuant to 18 U.S.C. § 1446(b), because this action commenced against AISS on January 6, 2011, when AISS was substituted as the named defendant in this action.

13.     The Northern District of Alabama is the federal district embracing the Circuit Court of Jefferson County, Alabama, where the suit was originally filed. *See* 28 U.S.C. § 90(a)(2).  Venue, therefore, is proper in this District, pursuant to 28 U.S.C. § 1441(a).

14.     Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served promptly on Plaintiff and filed promptly with the Clerk of the Circuit Court of Jefferson County, Alabama.

15.     Attached to this Notice of Removal as Exhibit A, and by reference made part hereof, are true and correct copies of all process and pleadings thus far filed in this case pending in the Circuit Court of Jefferson County, Alabama.

WHEREFORE, Defendant Acxiom Information Security Services, Inc. prays that the State Court Action currently pending against it in the Circuit Court of Jefferson County, Alabama, be removed therefrom to this Court.

LIGHTFOOT, FRANKLIN & WHITE, LLC

By:     Audrey E. Brown

Audrey E. Brown

*Attorney for Defendant Acxiom*
*Information Security Services, Inc.*

3

OF COUNSEL:
James F. Hughey III (HUGHJ1698)
*jhughey@lightfootlaw.com*
Audrey S. Brown (BROWA9981)
*abrownt@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
Telephone (205) 581-0700
Facsimile (205) 581-0799

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2011, a true and correct copy of the foregoing was served on the following via hand delivery:

John G. Watts, Esq.
WATTS LAW GROUP, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203


M. Stan Herring, Esq.
M. STAN HERRING, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203


*Attorneys for Plaintiff*


Of Counsel

# EXHIBIT A

## Case Action Summary - 01CV201090389000

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 10/27/2010 | 3:25:49 | EFILE | COMPLAINT E-FILED. | WAT056 |
| 10/27/2010 | 3:28:05 | FILE | FILED THIS DATE: 10/27/2010        (AV01) | AJA |
| 10/27/2010 | 3:28:06 | EORD | E-ORDER FLAG SET TO "N"        (AV01) | AJA |
| 10/27/2010 | 3:28:07 | ASSJ | ASSIGNED TO JUDGE: ROBERT S. VANCE        (AV01) | AJA |
| 10/27/2010 | 3:28:08 | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 10/27/2010 | 3:28:09 | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
| 10/27/2010 | 3:28:10 | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 10/27/2010 | 3:28:11 | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 10/27/2010 | 3:28:12 | D001 | D001 PARTY ADDED: ACXIOM CORPORATION        (AV02) | AJA |
| 10/27/2010 | 3:28:13 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 10/27/2010 | 3:28:14 | SUMM | CERTIFIED MAI ISSUED: 10/27/2010 TO D001   (AV02) | AJA |
| 10/27/2010 | 3:28:15 | EORD | D001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 10/27/2010 | 3:28:17 | C001 | C001 PARTY ADDED: WRIGHT MICHAEL D        (AV02) | AJA |
| 10/27/2010 | 3:28:18 | ATTY | LISTED AS ATTORNEY FOR C001: WATTS JOHN GRIFFIN | AJA |
| 10/27/2010 | 3:28:19 | EORD | C001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 10/27/2010 | 3:32:53 | EFILE | COMPLAINT - SUMMONS | |
| 11/03/2010 | 10:58:30 | ---- | SCANNED - CERTIFIED MAIL - MICHAEL D. WRIGHT | |
| 11/08/2010 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - ON ACXIOM CORPORATION/ SIGNED BY JUDY ROSS | |
| 11/15/2010 | 3:47:47 | SERC | SERVICE OF CERTIFIED MAI ON 11/08/2010 FOR D001 | ALW |
| 12/21/2010 | 4:52:56 | ENOTA | NOTICE OF APPEARANCE E-FILED | HUG044 |
| 12/21/2010 | 4:53:28 | ENOTA | MISCELLANEOUS - TRANSMITTAL | HUG044 |
| 12/21/2010 | 4:53:39 | ATTY | LISTED AS ATTORNEY FOR D001: HUGHEY JAMES FLETCHE | AJA |
| 12/21/2010 | 5:02:43 | ENOTA | NOTICE OF APPEARANCE E-FILED | BRO261 |
| 12/21/2010 | 5:03:17 | ENOTA | MISCELLANEOUS - TRANSMITTAL | BRO261 |
| 12/21/2010 | 5:03:45 | ATTY | LISTED AS ATTORNEY FOR D001: BROWN AUDREY ELAINE | AJA |
| 12/21/2010 | 5:34:45 | EMOT | D001-EXTENSION OF TIME FILED. | HUG044 |
| 12/21/2010 | 5:35:00 | EMOT | MOTION - TRANSMITTAL | HUG044 |
| 12/22/2010 | 8:51:18 | EMOT | D001-EXTENSION OF TIME /DOCKETED | ZEC |
| 12/22/2010 | 8:51:26 | ANSW | ANSWER OF OTHER ON 12/21/2010 FOR D001        (AV02) | ZEC |
| 12/22/2010 | 9:05:01 | JEORDE | ORDER GENERATED FOR EXTENSION OF TIME - RENDERED & ENTERED: 12/22/2010 9:05:01 AM - ORDER | J |
| 12/22/2010 | 9:05:23 | JEORDE | ORDER - TRANSMITTAL | RSV |
| 12/22/2010 | 11:21:46 | JEORDE | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & ENTERED: 12/22/2010 11:21:46 AM | JA |
| 12/22/2010 | 11:22:34 | JEORDE | ORDER - TRANSMITTAL | RSV |
| 12/28/2010 | 10:42:49 | TRAC | CASE ASSIGNED TO: STANDARD   TRACK        (AV01) | LOH |
| 12/28/2010 | 10:42:50 | DAT1 | SET FOR: STATUS REVIEW/DKT ON 01/24/2011 AT 0830A | LOH |
| 01/03/2011 | 1:25:06 | EMOT | D001-EXTENSION OF TIME FILED. | HUG044 |
| 01/03/2011 | 1:25:30 | EMOT | MOTION - TRANSMITTAL | HUG044 |
| 01/03/2011 | 1:38:25 | JEORDE | ORDER GENERATED FOR EXTENSION OF TIME - RENDERED & ENTERED: 1/3/2011 1:38:25 PM - ORDER | |
| 01/03/2011 | 1:38:49 | JEORDE | ORDER - TRANSMITTAL | RSV |
| 01/03/2011 | 1:47:27 | EMOT | D001-EXTENSION OF TIME /DOCKETED | |
| 01/03/2011 | 5:39:07 | EMOT | D001-OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE FILED. | HUG044 |
| 01/03/2011 | 5:39:25 | EMOT | MOTION - TRANSMITTAL | HUG044 |
| 01/06/2011 | 3:56:22 | EMOT | D001-OTHER - STIPULATION TO SUBSTITUTE PARTY FILED. | BRO261 |
| 01/06/2011 | 3:56:47 | EMOT | MOTION - TRANSMITTAL | BRO261 |
| 01/07/2011 | 8:16:12 | EMOT | D001-OTHER /DOCKETED | |
| 01/07/2011 | 4:21:37 | EANSW | D001 - COMPLAINT DENIED E-FILED. | BRO261 |
| 01/07/2011 | 4:23:52 | ANSW | ANSWER OF COMP DENIED ON 01/07/2011 FOR D001(AV02) | AJA |
| 01/07/2011 | 4:24:48 | EANSW | ANSWER - TRANSMITTAL | BRO261 |
| 01/08/2011 | 7:48:44 | JEORDE | ORDER GENERATED FOR OTHER - STIPULATION TO SUBSTITUTE PARTY - RENDERED & ENTERED: 1/8/2011 7:48:44 AM - ORDER | |
| 01/08/2011 | 7:49:04 | JEORDE | ORDER - TRANSMITTAL | RSV |
| 01/12/2011 | 4:14:50 | EMOT | D001-RESPONSE TO PHV APPLICATION - ACCEPTED FILED. | PHV000 |

| 01/12/2011 | 4:15:16 | EMOT | MOTION - TRANSMITTAL | |



**AlaFile E-Notice**

01-CV-2010-903890.00
Judge: ROBERT S. VANCE

To:  BROWN AUDREY ELAINE
abrown@lightfootlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL D WRIGHT v. ACXIOM CORPORATION
01-CV-2010-903890.00

The following matter was FILED on 1/12/2011 4:14:50 PM

**D001 ACXIOM CORPORATION**

RESPONSE TO PHV APPLICATION - ACCEPTED

[Attorney: ]

Notice Date:    1/12/2011 4:14:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
1/12/2011 4:14 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## ALABAMA STATE BAR

415 Dexter Avenue • Post Office Box 671 • Montgomery, Alabama 36101
Telephone: 334/269-1515 • Fax: 334/261-6310
www.alabar.org

### STATEMENT

The following information, in response to the application of petitioner, is furnished in compliance with Rule VII, Rules Governing Admission to the Alabama State Bar *(Pro HacVice)*:


**PETITIONER:**     Ms. Alison Danaceau
Carlton Fields
1201 W. Peachtree St., Ste. 3000
Atlanta, GA     30309-0000


**CURRENT APPLICATION:**

|  |  |
|---|---|
| Date Application Received: | January 03, 2011 |
| Case No.: | CV10-903890 |
| Style: | Michael D. Wright v. Acxiom Corporation |
| Court/Agency: | Circuit Court of Jefferson County |
| Date of Hearing: | January 24, 2011 |


**LOCAL COUNSEL:** Mr. James Fletcher Hughey III
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th St N
Birmingham, AL     35203-3200


APPLICATIONS FOR RULE VII ADMISSION HAVE BEEN MADE BY ABOVE PETITIONER OR OTHER ATTORNEY MEMBERS OF PETITIONER'S FIRM IN THE PRECEDING THREE YEARS AS LISTED:

See Attached


s/Cathy Sue McCurry
PHV Clerk
January 12, 2011



Lawyers Render Service

**Carlton Fields**

Dates reported: January 4, 2008 - January 3, 2011

| Applicant | Date App Received | Case | Court | G/D/P/M |
|---|---|---|---|---|
| Francisco Xavier Balderas | | | | |
| | 10/04/2010 | CV10-900396 | Circuit Court of Jefferson County | Granted |
| James B. Baldinger | | | | |
| | 04/01/2010 | CV10-900081 | Circuit Court of Madison County | Granted |
| Steven J. Brodie | | | | |
| | 04/01/2010 | CV10-900081 | Circuit Court of Madison County | Granted |
| Philip S. Bubb | | | | |
| | 03/18/2010 | CV10-900396 | Circuit Court of Jefferson County | Granted |
| James H. Cox | | | | |
| | 03/18/2010 | CV10-900396 | Circuit Court of Jefferson County | Granted |
| Alison Danaceau | | | | |
| | 01/03/2011 | CV10-903890 | Circuit Court of Jefferson County | Pending |
| Joseph F. Hession | | | | |
| | 10/04/2010 | CV10-900396 | Circuit Court of Jefferson County | Granted |
| Paul J. Ullom | | | | |
| | 01/08/2010 | CV08-900079 | Circuit Court of Baldwin County | Granted |
| Aaron S. Weiss | | | | |
| | 04/01/2010 | CV10-900081 | Circuit Court of Madison County | Granted |



**AlaFile E-Notice**

01-CV-2010-903890.00

Judge: ROBERT S. VANCE

To:  BROWN AUDREY ELAINE
abrown@lightfootlaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL D WRIGHT v. ACXIOM CORPORATION**
**01-CV-2010-903890.00**

A court action was entered in the above case on 1/8/2011 7:48:44 AM

**D001 ACXIOM CORPORATION**

**OTHER**

[Attorney: BROWN AUDREY ELAINE]

Disposition:      GRANTED
Judge:            RSV

Notice Date:    1/8/2011 7:48:44 AM


**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
1/8/2011 7:48 AM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
# BIRMINGHAM DIVISION

WRIGHT MICHAEL D,               )
Plaintiff,                      )
                                )
V.                              )  Case No.:  CV-2010-903890.00
                                )
ACXIOM CORPORATION,             )
Defendant.                      )

## ORDER

Pursuant to the parties' STIPULATION TO SUBSTITUTE PARTY, the Clerk is directed to substitute *Acxiom  Information Security Services, Inc.*, in place of the currently-named defendant.

DONE this 8th day of January, 2011.

/s ROBERT S. VANCE
CIRCUIT JUDGE



**AlaFile E-Notice**

01-CV-2010-903890.00

To:  BROWN AUDREY ELAINE
    abrown@lightfootlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL D WRIGHT v. ACXIOM CORPORATION
01-CV-2010-903890.00

The following answer was FILED on 1/7/2011 4:21:49 PM

Notice Date:     1/7/2011 4:21:49 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
1/7/2011 4:21 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MICHAEL D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: CV-2010-903890.00 |
| | ) | |
| v. | ) | **Jury Demanded** |
| | ) | |
| ACXIOM CORPORATION, | ) | |
| d/b/a Acxiom Information Security Services, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER AND DEFENSES OF
### ACXIOM INFORMATION SECURITY SERVICES, INC.

Defendant Acxiom Information Security Services, Inc. ("AISS")[1] hereby files its Answer

and Defenses to Plaintiff Michael D. Wright's ("Plaintiff") Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief can be

granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel

and/or laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not proximately caused by AISS.

---

[1] Pursuant to the Stipulation to Substitute Defendant, filed January 6, 2011, AISS hereby answers
the complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff did not sustain any compensable damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were partly or wholly caused by third parties and AISS is not responsible or liable for damages owed by such third parties.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, by the Statute of Limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

AISS acted in good faith in complying with its obligations under the Fair Credit Reporting Act ("FCRA"), including providing contemporaneous notice to Plaintiff pursuant to 41 U.S.C. §1681k.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff did not mitigate his losses.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff did not comply with his obligations under the FCRA.

**TENTH DEFENSE**

Further answering Plaintiff's Complaint, AISS responds to the individual paragraphs of Plaintiff's Complaint as follows:

*INTRODUCTION*

1.      This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.* Defendant is a consumer reporting agency which prepared and published a consumer report from public records for employment purposes regarding Plaintiff.  Defendant provided this report to his employer, Pilot Catastrophe.  The report was grossly inaccurate.  It falsely represented, amongst other things, that the Plaintiff was a criminally convicted fugitive

- 2 -

wanted in Florida and other jurisdictions. Acxiom had the Plaintiff mixed with a stranger. The

Plaintiff has brought his individual claim pursuant to 15 U.S.C. §1681e(b) because the consumer

report Defendant provided was inaccurate. Acxiom failed to follow reasonable procedures in

furnishing the report and it combined his identity with an unrelated person residing in a different

state and without the same social security number and/or date of birth. The Plaintiff also seeks to

prosecute his claim pursuant to 15 U.S.C. §1681k because Acxiom did not follow "strict

procedures" in furnishing his report or provide him contemporaneous notice as otherwise

required under the section.

**ANSWER:**

AISS admits that it is a consumer reporting agency, that in October 2008 it provided a

consumer report for employment purposes regarding Plaintiff to Pilot Catastrophe Services, Inc.

("Pilot"), and that the October, 2008 report contained inaccuracies.  Otherwise, except as

expressly admitted herein, AISS specifically denies that Plaintiff sustained any actual or

compensable damages, and generally denies the remaining allegations contained in Paragraph 1

of Plaintiff's Complaint.

### PARTIES

2.      Michael D. Wright is a citizen of Alabama and a "consumer" as protected and

governed by the FCRA.

**ANSWER:**

AISS is without knowledge as to the truth or falseness of the allegations contained in

Paragraph 2 of Plaintiff's Complaint.

3.      Acxiom is a foreign corporation doing business throughout the United States,

including in Alabama.

- 3 -

**ANSWER:**

AISS admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.   Defendant is a "consumer reporting agency" as governed by the FCRA.

**ANSWER:**

AISS admits that it is a consumer reporting agency within the definition of the Fair Credit Reporting Act ("FCRA").

5.   Defendant was and continues to disburse consumer reports to third parties under contract for monetary compensation during the relevant period and currently.

**ANSWER:**

AISS admits that it provides consumer reports for employment purposes to certain customers, most often for compensation.  Otherwise, except as expressly admitted herein, AISS denies the remaining allegations, as stated, contained in Paragraph 5 of Plaintiff's Complaint.

*FACTS*

6.   Plaintiff was employed by Pilot Catastrophe Services, Inc. ("Pilot") performing work related to insurance claims.

**ANSWER:**

AISS is without knowledge as to the truth or falseness of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.   On October 28, 2008, the Plaintiff was contacted by Pilot management and instructed to return all of his files and company property to the employer and to report to its closest facility.

- 4 -

**ANSWER:**

AISS is without knowledge as to the truth or falseness of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      On October 31, 2008, Pilot provided Plaintiff a copy of his Acxiom background report, which he learned had been furnished to Pilot by Acxiom and that had been the basis for his termination of employment.

**ANSWER:**

AISS denies that Plaintiff was terminated from his employment and denies that it caused Plaintiff to sustain any actual or compensable damages. AISS admits that it provided several consumer reports for employment purposes regarding Plaintiff to Pilot, the first of which was provided in October 2008. Otherwise, except as expressly admitted herein, AISS is without knowledge as to the truth or falseness of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      When Plaintiff reviewed the Acxiom report, he saw that Acxiom had reported multiple criminal convictions – including assault on a law enforcement officer and classification as a fugitive – that apparently concerned a "Michael Wright" in Florida. There was no middle name, social security number or even an address that linked the Florida Wright to the Plaintiff.

**ANSWER:**

AISS admits that in October 2008 it provided a consumer report for employment purposes regarding Plaintiff to Pilot and that the October, 2008 report contained inaccuracies. Otherwise, except as expressly admitted herein, AISS specifically denies that Plaintiff sustained any actual or compensable damages, and AISS is generally without knowledge as to the truth or falseness of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     This report contained information that did not belong to Plaintiff.  Acxiom had inaccurately mixed identity with that of a totally unrelated person.  The inaccurate information included public record information likely to have an adverse affect upon Plaintiffs ability to obtain employment.

**ANSWER:**

AISS admits that in October 2008 it provided a consumer report for employment purposes regarding Plaintiff to Pilot and that the October, 2008 report contained inaccuracies. Otherwise, except as expressly admitted herein, AISS specifically denies that Plaintiff sustained any actual or compensable damages, and generally denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     A popular internet website, www.howmanyofme.com, that tabulates name frequencies from US Census Bureau statistical and demographic data, estimates that there are 6,694 people in the United States named Michael Wright.

http://howmanyofme.com/people/MichaelWright/.

**ANSWER:**

AISS is without knowledge as to the truth or falseness of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Upon information and belief, the Plaintiff alleges that when Pilot requested a consumer report from Acxiom regarding the Plaintiff, it provided Plaintiffs full name, his address, his full social security number and his full date of birth.

**ANSWER:**

AISS denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

- 6 -

13.     In creating and furnishing the Plaintiffs consumer report, Acxiom failed to follow reasonable procedures to assure that the report was as accurate as maximally possible.  For example, Acxiom allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger with a different social security number living in a different state within Plaintiff's consumer report.

**ANSWER:**

AISS denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Though Plaintiff was later able to save his job, after significant efforts by himself and by other employees within Pilot, he suffered significant injury nonetheless, including an extended period of panic and emotional distress in which he believed he had lost his sole source of income.  He suffered physical symptoms as well including, but not limited to, being sick to his stomach and faint and short of breath.  In this period, Plaintiff was treated by his physician and prescribed medication for shortness of breath, shaking, feelings of heat, loss of appetite and insomnia.

**ANSWER:**

AISS admits that Plaintiff did not lose his employment, denies that Plaintiff sustained any damages, and denies that it is liable to Plaintiff.  Otherwise, except as expressly admitted herein, AISS is without knowledge as to the truth or falseness of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Acxiom's failure to follow these reasonable procedures was a substantial factor in the Pilot adverse employment action and other related actual harm the Plaintiff suffered.

**ANSWER:**

AISS denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

- 7 -

16.     Upon learning of the report inaccuracies on October 31, 2008, Plaintiff immediately contacted Acxiom by telephone and informed it of its inaccuracies. The employee at Acxiom represented herself to be a manager and indicated that it would "take four to six weeks" to make the corrections. She confirmed that Acxiom had never checked its data by social security number. When Plaintiff sought more immediate help, the Acxiom employee became rude and then hung up.

**ANSWER:**

AISS admits Plaintiff contacted AISS and states that it promptly issued a corrected report. Otherwise, except as expressly admitted herein, AISS denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Acxiom mailed Plaintiff a corrected report on November 18, 2008. This was the first communication Acxiom had sent, mailed or otherwise provided the Plaintiff.

**ANSWER:**

AISS admits that it issued a corrected report regarding Plaintiff promptly, but well before November 18, 2008. Otherwise, except as expressly admitted herein, AISS denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Despite providing a report for employment purposes containing public record information likely to have an adverse affect upon Plaintiff's ability to obtain employment there, Acxiom failed to provide notice to Plaintiff at the time Defendant furnished the report or even thereafter (a.) that the public record information was being reported or (b.) the name and address of the person to whom such information was being reported.

**ANSWER:**

AISS denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

- 8 -

## COUNT ONE: FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)

19.    Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

**ANSWER:**

AISS re-states and re-alleges its responses set forth in Paragraphs 1 through 19, above.

20.    Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiff.

**ANSWER:**

AISS denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    As a result of the conduct, actions and inactions of the Defendant, the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: damage to reputation, embarrassment, humiliation and other emotional and mental distress, including physical symptoms thereof.

**ANSWER:**

AISS denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant's violation of 15 U.S.C. §1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. §1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

AISS denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:**

AISS denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT TWO: FAIR CREDIT REPORTING ACT 15 U.S.C. §1681k(a)(1)

24. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

**ANSWER:**

AISS re-states and re-alleges its responses set forth in Paragraphs 1 through 23.

25. Defendant's failure to follow strict procedures or to provide the required FCRA notices to the Plaintiff as required in the section violated 15 U.S.C. §1681k(a).

**ANSWER:**

AISS denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. The conduct, action, and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

AISS denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Plaintiff is entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

AISS denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

WHEREFORE, having fully answered the Complaint, AISS prays as follows:

(a)     That Plaintiff's Complaint be dismissed with prejudice and Defendant Acxiom Information Security Services, Inc. be dismissed and discharged without liability;

(b)     That Defendant Acxiom Information Security Services, Inc. recover its reasonable attorneys' fees and costs incurred in defending this Complaint;

(c)     That all costs of this action be charged against Plaintiff; and

(d)     That Defendant Acxiom Information Security Services, Inc. have such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of January, 2011.

**LIGHTFOOT, FRANKLIN & WHITE, LLC**


/s/ Audrey E. Brown
Audrey E. Brown (BRO261)
400 20th Street North
Birmingham, AL  35203
(205) 949-6387
(205) 380-9367 (fax)
abrown@lightfootlaw.com

*Attorney for Acxiom Corporation d/b/a Acxiom Information Security Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the within and foregoing **Answer and Affirmative Defenses of Defendant Acxiom Information Security Services, Inc.** was served upon all counsel of record through the Court's electronic filing system:

> John G. Watts, Esq.
> Watts Law Group, PC
> The Kress Building
> 301 19th Street North
> Birmingham, Alabama 35203
>
> M. Stan Herring, Esq.
> M. Stan Herring, P.C.
> The Kress Building
> 301 19th Street North
> Birmingham, Alabama 35203

This 7th day of January, 2010.

/s/ Audrey E. Brown
Audrey E. Brown





E-File Information

Logout  |  Register  |  Support Forums

| Complaints | ▶ | ⋮ Discovery | ▶ | ⋮ Motions | ▶ | ⋮ Post Judgment | ▶ | ⋮ Miscellaneous | ▶ | ⋮ Email | ⋮ Update Account | ⋮ Payment History | ⋮ |

User ID: ABROWN@LIGHTFOOTLAW.COM - ATTORNEY

## E-File Receipt

County:01
Case Number:CV201090389000
Style:MICHAEL D WRIGHT V. ACXIOM CORPORATION
Document Filed:Complaint Denied
Electronic Document Stamp:CV201090389000/1/7/2011 4:21:30 PMc90adbc3-a797-4409-9ace-fb7fd8aadcb4

**The following Documents were attached to this filing:**

| Title | Description | Location |
|---|---|---|
| ANSWER | Answer and Defenses of Acxiom Information Security Services, Inc. | C:\DOCUME~1\leslieh\My Documents\AISS Answer.pdf |

**Notice of this filing has been electronically served on:**

| Party | Attorney | – Email |
|---|---|---|
| ACXIOM CORPORATION | BROWN AUDREY ELAINE | abrown@lightfootlaw.com |
| ACXIOM CORPORATION | HUGHEY JAMES FLETCHER III | jhughey@lfwlaw.com |
| WRIGHT MICHAEL D | WATTS JOHN GRIFFIN | john@wattslawgroup.com |

**Notice of this filing must be served or mailed to the following parties:**

| Party | Address | City | State | Zip | Service |
|---|---|---|---|---|---|

Print View    Continue



**AlaFile E-Notice**

01-CV-2010-903890.00

Judge: ROBERT S. VANCE

To: BROWN AUDREY ELAINE
abrown@lightfootlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL D WRIGHT v. ACXIOM CORPORATION
01-CV-2010-903890.00

The following matter was FILED on 1/6/2011 3:56:29 PM

D001 ACXIOM CORPORATION
STIPULATION TO SUBSTITUTE PARTY

[Attorney: BROWN AUDREY ELAINE]

Notice Date:     1/6/2011 3:56:29 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
1/6/2011 3:56 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**STATE OF ALABAMA**
Unified Judicial System                    Revised 3/5/08

01-JEFFERSON - BIRMINGHAM          ☐ District Court   ☑ Circuit Court

Case
CV20

**CIVIL MOTION COVER SHEET**

MICHAEL D WRIGHT V. ACXIOM CORPORATION

Name of Filing Party: D001 - ACXIOM CORPORATION

| | |
|---|---|
| Name, Address, and Telephone No. of Attorney or Party. If Not Represented.<br><br>AUDREY ELAINE BROWN<br><br>400 20TH STREET NORTH<br>BIRMINGHAM, AL 35203<br><br>Attorney Bar No.:  BRO261 | ☐ Oral Arguments Requested |

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Motion to Intervene ($297.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Other _____ | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| pursuant to Rule _____ ($50.00) | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| _____ | ☐ Pendente Lite |
| | ☐ Plaintiffs Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| ☐ Local Court Costs $ _____ | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Stipulation to Substitute Party |
| | pursuant to Rule  n/a         (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed  or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>1/6/2011 3:54:38 PM | Signature of Attorney or Party:<br><br>/s AUDREY ELAINE BROWN |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
1/6/2011 3:56 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| MICHAEL D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.: CV-2010-903890.00** |
| | ) | |
| v. | ) | <u>**Jury Demanded**</u> |
| | ) | |
| ACXIOM CORPORATION, | ) | |
| d/b/a Acxiom Information Security Services, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>STIPULATION TO SUBSTITUTE DEFENDANT</u>

The parties to this action, Plaintiff Michael D. Wright and Defendant Acxiom

Corporation ("Acxiom") stipulate and agree as follows:

(1)     Acxiom is dismissed from this action because it is not the correct legal entity that

performs background screening checks.

(2)     Acxiom Information Security Services, Inc. ("AISS") is added as a party to this

action in place of Acxiom.

(3)     AISS hereby acknowledges service of this suit as of the date of this Stipulation.

AISS will respond to Plaintiff's complaint by January 10, 2011.

**STIPULATED TO THIS 6th DAY OF JANUARY, 2011, BY:**

| | |
|---|---|
| /s/ John G. Watts | /s/ Audrey E. Brown |
| John G. Watts (WAT056) | Audrey E. Brown (BRO261) |
| WATTS LAW GROUP, PC | LIGHTFOOT, FRANKLIN & WHITE, LLC |
| The Kress Building | 400 20th Street North |
| 301 19th Street North | Birmingham, Alabama  35203 |
| Birmingham, Alabama  35203 | (205) 949-6387 |
| (205) 879-2447 | (205) 380-9367 (fax) |
| (205) 522-7167 (fax) | abrown@lightfootlaw.com |
| john@wattslawgroup.com | *Attorney for Acxiom Corporation and* |
| *Attorney for Plaintiff Michael D. Wright* | *Acxiom Information Security Services, Inc.* |

17990170.1

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MICHAEL D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: CV-2010-903890.00 |
| | ) | |
| v. | ) | **Jury Demanded** |
| | ) | |
| ACXIOM CORPORATION, | ) | |
| d/b/a Acxiom Information Security Services, | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] ORDER

Pursuant to the Stipulation, it is SO ORDERED that Acxiom Corporation is hereby dismissed from the action without prejudice and Acxiom Information Security Services, Inc. is added in as Defendant.


Dated: _____        /s/_____
                              The Honorable Robert S. Vance
                              Circuit Court of Jefferson County Judge


17990170.1

ELECTRONICALLY FILED
1/6/2011 3:56 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

WRIGHT MICHAEL D,                    )
                    Plaintiff,       )
                                     )
            V.                       )        Case No.:  CV-2010-903890.00
                                     )
ACXIOM CORPORATION,                  )
                    Defendant.       )
                                     )

[ORDER]

Pursuant to the Stipulation, it is SO ORDERED that Acxiom Corporation is hereby dismissed from the action without prejudice and Acxiom Information Security Services, Inc. is added in as Defendant.

DONE this[To be filled by the Judge].

/s[To be filled by the Judge]
_____

CIRCUIT JUDGE

ELECTRONICALLY FILED
1/3/2011 5:38 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**STATE OF ALABAMA**
Unified Judicial System

01-JEFFERSON - BIRMINGHAM

Revised 3/5/08

☐ District Court   ☑ Circuit Court

CV2

**CIVIL MOTION COVER SHEET**

MICHAEL D WRIGHT V. ACXIOM CORPORATION

*Name of Filing Party:* D001 - ACXIOM CORPORATION

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JAMES FLETCHER HUGHEY III

400 20TH STREET NORTH
BIRMINGHAM, AL 35203

*Attorney Bar No.:*  HUG044

☐ Oral Arguments Requested

---

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☑ Other   Verified Application to Practice Pro Hac Vice | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| pursuant to Rule  VII of the Rules Governing   ($300.00) Admission to the State Bar | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). A fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| ☐ Local Court Costs $ _____ | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

---

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>1/3/2011 5:38:01 PM | Signature of Attorney or Party:<br><br>/s JAMES FLETCHER HUGHEY III |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
12/20/2010 5:38 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

Michael D. Wright                                      ,
        Plaintiff

CV-2010-903890.00
        Case No.

VS.

Circuit Court of Jefferson County
(Court or Administrative Agency)

Acxiom Corporation                                  ,
        Defendant

# VERIFIED APPLICATION FOR ADMISSION
## TO PRACTICE UNDER RULE VII OF THE
## RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR

Comes now _____ Alison Danaceau _____ , applicant herein, and respectfully represents the following:

1. Applicant resides at _____ 179 - 17th Street, N.E. _____ ,
        Street Address

| Atlanta | Fulton | Georgia |
|---------|--------|---------|
| City | County | State |

| 30309 | (404) 317-9361 | 215-48-XXXX |
|-------|----------------|-------------|
| Zip Code | Telephone | Social Security Number |

2. Applicant is an attorney and a member of the law firm of (or practices law under the name of) _____ Carlton Fields, P.A. _____ , with offices at _____ 1201 West Peachtree Street, Suite 3000 _____ , _____ Atlanta _____ ,
        Street Address              City

| Fulton | Georgia | 30309 | (404) 815-3382 |
|--------|---------|-------|----------------|
| County | State | Zip Code | Telephone |

adanaceau@carltonfields.com
E-mail

3. Applicant has been retained personally or as a member of the above named law firm by ___Acxiom Corporation_____ to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4. Since ___May_____ of 19/20__02__ , applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of ___Georgia_____ , where applicant regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

5. Applicant has been admitted to practice before the following courts: (List all of the following courts applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states.)

| Court: | Date Admitted: |
|---|---|
| Georgia Supreme Court | 2002 |
| Florida Supreme Court | 1996 |
| U.S.D.C., N.D. Georgia | 2002 |
| U.S.D.C., M.D. Georgia | 2008 |
| U.S.D.C., S.D., Alabama | 2007 |
| U.S. Court of Appeals, 11th Circuit | 2004 |
| | |
| | |
| | |
| | |
| | |
| | |

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below: (Here list any court named in the preceding paragraph that applicant is no longer admitted to practice before.)

6. Applicant presently is not subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

N/A _____

_____

7. Applicant presently is not subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

N/A/ _____

_____

8. Applicant never has been subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

N/A _____

_____

9. Applicant never has been subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

N/A _____

_____

10. Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked, except as provided below (give particulars, e.g., date, administrative body, date of suspension and reinstatement):

N/A _____

_____

11. Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

N/A _____

_____

12. Applicant or a member of applicant's firm has filed applications(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

| Date of Application | Name of Applicant | Case No. and Style of Case | Court or Admin. Body | Application Granted/Denied |
|---|---|---|---|---|
| 06/10 | Alison Danaceau | Pinheiro v. AISS, CV10-02246 | U.S.D.C., N.D., Cal. | 06/10 |
| 06/09 | Alison Danaceau | LaGrassa v. AISS, 1:09cv-00770 | U.S.D.C., M.D., Pa. | 06/09 |

(If necessary, please attach statement of additional applications.)

13. Local counsel of record associated with applicant in this matter is

Audrey Brown,

who has offices at Lightfoot, Franklin & White, L.L.C.,

Birmingham ,  Jefferson ,Alabama,
City                                County

35203 ,  205-581-0700  , abrown@lightfootlaw.com
Zip Code           Telephone              E-mail

14. The following list accurately states the name and address of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party:

| Name of Party | Mailing Address |
|---|---|
| Michael D. Wright | |

(Item 14, Continued)

Name of Counsel:   John G. Watts, Esq.                     Party Represented: Plaintiff Michael D. Wright

Mailing Address and E-mail: Watts Law Group, PC

                            The Kress Building

                            301 19th Street North

                            Birmingham, AL  35203

Name of Counsel:  M. Stan Herring                          Party Represented: Plaintiff Michael D. Wright

Mailing Address and E-mail: M. Stan Herring, P.C.

                            The Kress Building

                            301 19th Street North

                            Birmingham, AL  35203

Name of Counsel:  Audrey Brown                             Party Represented: Defendant Acxiom Corporation

Mailing Address and E-mail: Lightfoot, Franklin & White, L.L.C.

                            The Clark Building

                            400 20th Street North

                            Birmingham, AL  35203

Name of Counsel: _____                   Party Represented: _____

Mailing Address and E-mail: _____

                            _____

                            _____

                            _____

Name of Counsel: _____                   Party Represented: _____

Mailing Address and E-mail: _____

                            _____

                            _____

                            _____

(If necessary, please attach list of additional attorney's)

15. Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16. Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this _29th day_ of _December_ , 20_10_ .

/s/ Alison Danaceau
————————————————
APPLICANT

STATE OF _Georgia_                    )
COUNTY OF _Fulton_                   )

I, _Alison Danaceau_ ,do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

/s/ Alison Danaceau
————————————————
APPLICANT/AFFIANT

Subscribed and Sworn to before me this

_29th_ day of _December_ , 20_10_ .

/s/ Connie D. Wiltey
————————————————
NOTARY PUBLIC

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this _3rd_ day of _January_ ,20 _11_ .

/s/ James F. Hughey, III
_____
Local Counsel of Record


## NOTICE OF HEARING

This application for admission is set for hearing before the court or administrative agency in the style hereof on the _24th_ day of _Jan_ ,20 _11_ .

/s/ Alison Danaceau
_____
Applicant/Affiant


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the Alabama State Bar:

[ × ] via Alafile (Including $300 electronic payment)

OR

[   ] by mail to: Alabama State Bar, Attn: PHV Admissions, P.O. Box 671, Montgomery, Alabama 36101, accompanied by payment of the $300 filing fee to the Alabama State Bar.

On this the _3rd_ day of _January_ , 20 _11_ .

/s/ Alison Danaceau
_____
Applicant/Affiant

(Form approved by Alabama State Bar
and Alabama Supreme Court to be
effective January 1, 1994.)

# STATE BAR
# OF GEORGIA



*Lawyers Serving the Public and the Justice System*

Ms. Alison Danaceau
Carlton Fields
1201 West Peachtree Street, Suite 2500
Atlanta, GA  30309

| | |
|---|---|
| **CURRENT STATUS:** | **Active Member-Good Standing** |
| **DATE OF ADMISSION:** | **06/05/2002** |
| **BAR NUMBER:** | **203755** |
| **TODAY'S DATE:** | **12/29/2010** |

Listed below are the public disciplinary actions, if any, which have been taken against this member:

| State Disciplinary Board Docket# | Supreme Court Docket# | Disposition | Date |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

The prerequisites for practicing law in the State of Georgia are as follows:
- Must be certified by the Office of Bar Admissions, either by Exam, or on Motion (Reciprocity).
- Sworn in to the Superior Court of Georgia, which is the highest court required to practice law in Georgia.
- Enrolled with the State Bar of Georgia, which is an arm of the Supreme Court of Georgia.

Attorneys licensed in Georgia and whose membership is current are eligible to practice law in Superior Court. Attorneys may, upon application, apply for admission to the Supreme, District and State Court of Appeals.

Under the privacy/confidentiality provision of the Bar Rule 4-221(d), any complaint against a member resolved prior to the filing and docketing of a disciplinary case in the Supreme Court is not a matter of public record and may not be revealed without a waiver from the member. It is the policy of the State Bar of Georgia to answer any inquiry about a member by disclosing only those complaints that have been docketed in the Supreme Court. With respect to matters that are currently pending as active, undocketed cases, when an inquiry is received, the State Bar of Georgia shall not disclose the existence of those complaints. Such non-disclosure should not be construed to confirm the existence of confidential complaints since the vast majority of members in good standing are not the subjects of such confidential complaints.

This member is currently in **"good standing"** as termed and defined by **State Bar Rule 1-204.** The member is current in license fees and is not suspended or disbarred as of the date of this letter.



## STATE BAR OF GEORGIA

*Brandy Cleghorn*

**Official Representative of the State Bar of Georgia**

---

**HEADQUARTERS**
104 Marietta Street, Suite 100
Atlanta, Georgia 30303
(404) 527-8700 ☎ (800) 334-6865
FAX (404) 527-8717
www.gabar.org

**SOUTH GEORGIA**
244 E. Second Street (Zip 31794)
P.O. Box 1390
Tifton, Georgia 31793-1390
(229) 387-0446 ☎ (800) 330-0446
FAX (229) 382-7435



**AlaFile E-Notice**

01-CV-2010-903890.00

Judge: ROBERT S. VANCE

To:  BROWN AUDREY ELAINE
     abrown@lightfootlaw.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

### MICHAEL D WRIGHT v. ACXIOM CORPORATION
### 01-CV-2010-903890.00

A court action was entered in the above case on 1/3/2011 1:38:24 PM

### D001 ACXIOM CORPORATION
### EXTENSION OF TIME

[Attorney: HUGHEY JAMES FLETCHER III]

Disposition:     GRANTED
Judge:           RSV

Notice Date:     1/3/2011 1:38:24 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
1/3/2011 1:38 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| WRIGHT MICHAEL D, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **Case No.:**  CV-2010-903890.00 |
| | ) | |
| ACXIOM CORPORATION, | ) | |
| Defendant. | ) | |

**[ORDER]**

Upon consideration of the Parties' Joint Motion to Extend the Time by Which Acxiom is Required to Respond to Plaintiff's Complaint, IT IS HEREBY ORDERED that said motion is **GRANTED**. Acxiom shall respond to Plaintiffs' Complaint by January 7, 2011.

DONE this 3rd day of January, 2011.

/s ROBERT S. VANCE
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

01-CV-2010-903890.00

Judge: ROBERT S. VANCE

To:  BROWN AUDREY ELAINE
abrown@lightfootlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL D WRIGHT v. ACXIOM CORPORATION
01-CV-2010-903890.00

The following matter was FILED on 1/3/2011 1:25:06 PM

D001 ACXIOM CORPORATION

MOTION FOR EXTENSION OF TIME

[Attorney: HUGHEY JAMES FLETCHER III]

Notice Date:       1/3/2011 1:25:06 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

| STATE OF ALABAMA | | |
|---|---|---|

**STATE OF ALABAMA**
Unified Judicial System
Revised 3/5/08

01-JEFFERSON - BIRMINGHAM

☐ District Court   ☑ Circuit Court

ELECTRONICALLY FILED
1/3/2011 1:25 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

Cas...

CV20...

MICHAEL D WRIGHT V. ACXIOM CORPORATION

**CIVIL MOTION COVER SHEET**

Name of Filing Party: D001 - ACXIOM CORPORATION

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.

JAMES FLETCHER HUGHEY III

400 20TH STREET NORTH
BIRMINGHAM, AL 35203

Attorney Bar No.:  HUG044

☐ Oral Arguments Requested

## TYPE OF MOTION

### Motions Requiring Fee

☐ Default Judgment ($50.00)

☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)

☐ Judgment on the Pleadings ($50.00)

☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00)

☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)

☐ Summary Judgment pursuant to Rule 56($50.00)

☐ Motion to Intervene ($297.00)

☐ Other _____

pursuant to Rule _____ ($50.00)

_____

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ _____

### Motions Not Requiring Fee

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☑ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☐ Other
pursuant to Rule                        (Subject to Filing Fee)

☐ Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)

Date:

1/3/2011 1:22:04 PM

Signature of Attorney or Party:

/s JAMES FLETCHER HUGHEY III

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
1/3/2011 1:25 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| MICHAEL D. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV-2010-903890 |
| | ) |
| ACXIOM CORPORATION, | ) |
| d/b/a/ Acxiom Information Security Services; | ) |
| | ) |
| Defendants. | ) |

## PARTIES' JOINT MOTION TO EXTEND THE TIME BY WHICH ACXIOM IS REQUIRED TO RESPOND TO PLAINTIFF'S COMPLAINT

Plaintiff Michael D. Wright and Defendant Acxiom Corporation ("Acxiom")[1], pursuant to Alabama Rule of Civil Procedure 6(b), respectfully move this Court for an Order providing a short additional extension of time for Defendant to respond to Plaintiff's Complaint so that the parties can attempt to reach an agreement on substitution of the real party at interest in this case and avoid the need for motion practice on that issue. Specifically, the parties request a four (4) day extension, until January 7, 2011, for Defendant to respond to the complaint. The initial status/scheduling conference in this matter is set for January 24, 2011, so the grant of this extension will not impede the expeditious prosecution of the case.

WHEREFORE, Acxiom respectfully requests an order extending the time for it to respond to Plaintiffs' Complaint up to and including January 7, 2011. A proposed Order is attached.

---

[1] Acxiom maintains that is a separately incorporated and maintained parent corporation to Acxiom Information Security Systems, Inc. ("AISS"), the real party in interest, but hereby reserves this issue for a future proceeding.

18001029.1

Dated this 3rd day of January, 2011.

/s/ John G. Watts
*john@wattslawgroup.com*
John G. Watts (WAT056)
WATTS LAW GROUP, PC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone:  (205) 879-2447
Facsimile:  (205) 522-7167

M. Stan Herring (HER037)
*msh@mstanherringlaw.com*
M. STAN HERRING, P.C.
The Kress Building
301 19th Street North
Birmingham, AL  35203
Telephone:  (205) 714-4443
Facsimile:  (205) 714-7177
*Counsel for Plaintiff Michael D. Wright*

/s/ James F. Hughey III
James F. Hughey III (HUG044)
*jhughey@lightfootlaw.com*
Audrey E. Brown (BRO261)
*abrown@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35233
Telephone:  (205) 581-0700
Facsimile:  (205) 581-0799

Alison Danaceau (*pro hac vice* pending)
*adanaceau@carltonfields.com*
CARLTON FIELDS, P.A.
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia  30309
Telephone:  (404) 815-3400
Facsimile:  (404) 815-3415
*Counsel for Defendant Acxiom Corporation*

Filed through the Court's electronic filing system this 3rd day of January, 2011:

/s/ James F. Hughey III
Of Counsel

/s/ John G. Watts
Of Counsel

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL D. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.      ) | Case No. CV-2010-903890 |
| ) | |
| ACXIOM CORPORATION, ) | |
| d/b/a/ Acxiom Information Security Services; ) | |
| ) | |
| Defendants. ) | |

## [PROPOSED] ORDER

Upon consideration of the Parties' Joint Motion to Extend the Time by Which Acxiom is

Required to Respond to Plaintiff's Complaint,

IT IS HEREBY ORDERED that said motion is **GRANTED**. Acxiom shall respond to

Plaintiffs' Complaint by and including January 7, 2011.

SO ORDERED this _____ day of _____, 2010.


_____
THE HONORABLE ROBERT S. VANCE
Judge, Circuit Court of Jefferson County

18001029.1                                    4

ELECTRONICALLY FILED
1/3/2011 1:25 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

WRIGHT MICHAEL D,                          )
                Plaintiff,          )
                         )
          V.                          )          Case No.:  CV-2010-903890.00
                         )
ACXIOM CORPORATION,                        )
                Defendant.          )

## [ORDER]

[

Upon consideration of the Parties' Joint Motion to Extend the Time by Which Acxiom is Required to Respond to Plaintiff's Complaint,

IT IS HEREBY ORDERED that said motion is **GRANTED**.   Acxiom shall respond to Plaintiffs' Complaint by and including January 7, 2011.

DONE this[To be filled by the Judge].

/s[To be filled by the Judge]
_____

CIRCUIT JUDGE





E-File Information

Logout | Register | Support Forums

| Complaints | ▶ | Discovery | ▶ | Motions | ▶ | Post Judgment | ▶ | Miscellaneous | ▶ | Email | Update Account | Payment History |

User ID: JHUGHEY@LFWLAW.COM - ATTORNEY

### E-File Receipt

County:01
Case Number:CV-2010-903890.00
Style:MICHAEL D WRIGHT V. ACXIOM CORPORATION
JID:RSV
Motion Number:2
Motion Filed:Extension of Time
Electronic Document Stamp:CV2010903890001/3/2011 1:25:06 PMdd88112b-2488-4c22-a05c-124aebbff649

The following Documents were attached to this filing:

| Title | Description | Location |
|---|---|---|
| MOTION_COVER_SHEET | Motion Cover Sheet | |
| MOTION | Parties' Joint Motion to Extend the Time to Which Axiom is Required to Respond to Plaintiff's Complaint | C:\DOCUME~1\leslieh\My Documents\Joint Motion to Extend the Time by Which Axiom is Required to Respond to Plaintiff's Complaint.pdf |
| PROPOSED ORDER | 01-CV201090389000 - Proposed Order | |

The following Documents are now available to the Judge:

| Title | Description | Location |
|---|---|---|
| Order | 01-CV201090389000 - Proposed Order | |

Notice of this filing has been electronically served on:

| Party Number | Party | Attorney | Email |
|---|---|---|---|
| D001 | ACXIOM CORPORATION | BROWN AUDREY ELAINE | abrown@lightfootlaw.com |
| D001 | ACXIOM CORPORATION | HUGHEY JAMES FLETCHER III | jhughey@lfwlaw.com |
| C001 | WRIGHT MICHAEL D | WATTS JOHN GRIFFIN | john@wattslawgroup.com |

Notice of this filing must be mailed to:

| Party Number | Party | Attorney | Address | City | State | Zip |
|---|---|---|---|---|---|---|

| Print View | Continue |



**AlaFile E-Notice**

01-CV-2010-903890.00
Judge: ROBERT S. VANCE

To:  BROWN AUDREY ELAINE
abrown@lightfootlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL D WRIGHT v. ACXIOM CORPORATION
01-CV-2010-903890.00

The following matter was FILED on 12/22/2010 11:22:09 AM

Notice Date:       12/22/2010 11:22:09 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
12/22/2010 11:21 AM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| WRIGHT MICHAEL D,<br>Plaintiff, | ) <br> ) <br> ) |
| V. | )   Case No.:  CV-2010-903890.00 <br> ) |
| ACXIOM CORPORATION,<br>Defendant. | ) <br> ) <br> ) |

### ORDER

This case is assigned to the Standard track. A status conference is hereby set for **Monday, January 24, 2011 at 8:30 a.m.** in Courtroom 330, Jefferson County Courthouse, Birmingham, Alabama. Counsel for the parties are ordered to begin discovery efforts and should come to the status conference prepared to discuss a discovery schedule and trial date.

Attendance in "business casual" attire is permitted.


**DONE** this 22nd day of December, 2010.


/s ROBERT S. VANCE
**CIRCUIT JUDGE**



**AlaFile E-Notice**

01-CV-2010-903890.00

Judge: ROBERT S. VANCE

To:  BROWN AUDREY ELAINE
     abrown@lightfootlaw.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL D WRIGHT v. ACXIOM CORPORATION
01-CV-2010-903890.00

A court action was entered in the above case on 12/22/2010 9:05:00 AM

D001 ACXIOM CORPORATION

EXTENSION OF TIME

[Attorney: HUGHEY JAMES FLETCHER III]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | RSV |
| Notice Date: | 12/22/2010 9:05:00 AM |

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
12/22/2010 9:05 AM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | |
|---|---|
| WRIGHT MICHAEL D, <br> Plaintiff, | ) <br> ) <br> ) |
| V. | ) Case No.:  CV-2010-903890.00 <br> ) |
| ACXIOM CORPORATION, <br> Defendant. | ) <br> ) <br> ) |

ORDER

MOTION FOR EXTENSION OF TIME, filed by ACXIOM CORPORATION, is
hereby GRANTED.  The defendant shall have until January 3, 2011, to file an
answer to the complaint.


DONE this 22nd day of December, 2010.


/s ROBERT S. VANCE
CIRCUIT JUDGE



**AlaFile E-Notice**

01-CV-2010-903890.00

Judge: ROBERT S. VANCE

To:  HUGHEY JAMES FLETCHER III
jhughey@lfwlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL D WRIGHT v. ACXIOM CORPORATION
01-CV-2010-903890.00

The following matter was FILED on 12/21/2010 5:34:46 PM

D001 ACXIOM CORPORATION

MOTION FOR EXTENSION OF TIME

[Attorney: HUGHEY JAMES FLETCHER III]

Notice Date:      12/21/2010 5:34:46 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
12/21/2010 5:34 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**STATE OF ALABAMA**
Unified Judicial System                          Revised 3/5/08

01-JEFFERSON - BIRMINGHAM          ☐ District Court   ☑ Circuit Court

Case CV2...

MICHAEL D WRIGHT V. ACXIOM CORPORATION

## CIVIL MOTION COVER SHEET

Name of Filing Party: D001 - ACXIOM CORPORATION

| Name, Address, and Telephone No. of Attorney or Party. If Not Represented. | ☐ Oral Arguments Requested |
|---|---|
| JAMES FLETCHER HUGHEY III | |
| 400 20TH STREET NORTH | |
| BIRMINGHAM, AL 35203 | |
| Attorney Bar No.:  HUG044 | |

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☑ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| ☐ Local Court Costs $ _____ | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐ | Date:  12/21/2010 5:29:14 PM | Signature of Attorney or Party:  /s JAMES FLETCHER HUGHEY III |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
12/21/2010 5:34 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |
|---|---|
| MICHAEL D. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV-2010-903890 |
| | ) |
| ACXIOM CORPORATION, | ) |
| d/b/a/ Acxiom Information Security Services; | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT ACXIOM'S UNOPPOSED MOTION TO EXTEND THE TIME BY WHICH ACXIOM IS REQUIRED TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant Acxiom Corporation ("Acxiom")[1], pursuant to Alabama Rule of Civil Procedure 6(b), respectfully moves this Court for an Order extending the time to respond to Plaintiff's Complaint until January 3, 2011. Plaintiff Michael D. Wright filed his lawsuit on October 27, 2010. The Parties have mutually agreed to extend the deadline for Acxiom to respond to Plaintiff's Complaint up to and including January 3, 2011. Plaintiff has consented to, and will not oppose, this motion.

WHEREFORE, Acxiom respectfully requests an order extending the time for it to respond to Plaintiffs' Complaint up to and including January 3, 2011. A proposed Order is attached.

---

[1] Notably, Acxiom is not the proper Defendant to this litigation. Acxiom is a separately incorporated and maintained parent corporation to Acxiom Information Security Systems, Inc. ("AISS"), the real party in interest. Acxiom will attempt to resolve the real party in interest issue with Plaintiff.

Dated this 21st day of December, 2010.

/s/ James F. Hughey III
James F. Hughey III (HUG044)
*jhughey@lightfootlaw.com*
Audrey E. Brown (BRO261)
*abrown@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C
The Clark Building
400 20th Street North
Birmingham, AL 35233
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

*Counsel for Defendant Acxiom Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel through the Court's electronic filing system this 21st day of December, 2010:

John G. Watts, esq.
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, AL  35203

M. Stan Herring, esq.
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, AL  35203

/s/ James F. Hughey III
Of Counsel

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| MICHAEL D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-2010-903890 |
| | ) | |
| ACXIOM CORPORATION, | ) | |
| d/b/a/ Acxiom Information Security Services; | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER

Upon consideration of Defendant Acxiom Corporation's Unopposed Motion to Extend

the Time by Which Acxiom is Required to Respond to Plaintiff's Complaint,

IT IS HEREBY ORDERED that said motion is **GRANTED**.  Acxiom shall respond to

Plaintiffs' Complaint by and including January 3, 2011.

SO ORDERED this _____ day of _____, 2010.

_____
THE HONORABLE ROBERT S. VANCE
Judge, Circuit Court of Jefferson County

ELECTRONICALLY FILED
12/21/2010 5:34 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

WRIGHT MICHAEL D,                      )
                         Plaintiff,    )
                                       )
             V.                        )        Case No.:  CV-2010-903890.00
                                       )
ACXIOM CORPORATION,                    )
                         Defendant.    )

[ORDER]

   Upon consideration of Defendant Acxiom Corporation's Unopposed Motion to Extend the Time by Which Acxiom is Required to Respond to Plaintiff's Complaint,

IT IS HEREBY ORDERED that said motion is **GRANTED**.   Acxiom shall respond to Plaintiffs' Complaint by and including January 3, 2011.

DONE this[To be filled by the Judge].

                  /s[To be filled by the Judge]
                  _____

                  CIRCUIT JUDGE

 **AlaFile**
brought to you by alacourt.com

 **E-File Information**

Logout | Register | Support Forums

| Complaints | ▶ | Discovery | ▶ | Motions | ▶ | Post Judgment | Miscellaneous | ▶ | Email | Update Account | Payment History | |

User ID: JHUGHEY@LFWLAW.COM - ATTORNEY

### E-File Receipt

County:01
Case Number:CV-2010-903890.00
Style:MICHAEL D WRIGHT V. ACXIOM CORPORATION
JID:RSV
Motion Number:1
Motion Filed:Extension of Time
Electronic Document Stamp:CV20109038900012/21/2010 5:34:45 PM71813ce5-94ad-407e-95d5-30bd74ff3628

**The following Documents were attached to this filing:**

| Title | Description | Location |
|---|---|---|
| MOTION_COVER_SHEET | Motion Cover Sheet | |
| MOTION | Defendant Acxiom's Unopposed Motion to Extend the Time by Which Acxiom is Required to Respond to Plaintiff's Complaint | C:\DOCUME~1\leslieh\My Documents\Acxiom Unopposed Motion to Extend Time.pdf |
| PROPOSED ORDER | 01-CV201090389000 - Proposed Order | |

**The following Documents are now available to the Judge:**

| Title | Description | Location |
|---|---|---|
| Order | 01-CV201090389000 - Proposed Order | |

**Notice of this filing has been electronically served on:**

| Party Number | Party | Attorney | Email |
|---|---|---|---|
| D001 | ACXIOM CORPORATION | BROWN AUDREY ELAINE | abrown@lightfootlaw.com |
| D001 | ACXIOM CORPORATION | HUGHEY JAMES FLETCHER III | jhughey@lfwlaw.com |
| C001 | WRIGHT MICHAEL D | WATTS JOHN GRIFFIN | john@wattslawgroup.com |

**Notice of this filing must be mailed to:**

| Party Number | Party | Attorney | Address | City | State | Zip |
|---|---|---|---|---|---|---|
| | | | | | | |

Print View     Continue



**AlaFile E-Notice**

01-CV-2010-903890.00

To:  AUDREY ELAINE BROWN
     abrown@lightfootlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**MICHAEL D WRIGHT v. ACXIOM CORPORATION**
**01-CV-2010-903890.00**

The following NOTICE OF APPEARANCE was FILED on 12/21/2010 5:02:42 PM

Notice Date:     12/21/2010 5:02:42 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
12/21/2010 5:02 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL D. WRIGHT,          ) | |
|           ) | |
|      Plaintiff,          ) | |
|           ) | |
| v.           ) | |
|           )     CV 2010-903890 | |
| ACXIOM CORPORATION, d/b/a    ) | |
| Acxiom Information Security Services,    ) | |
|           ) | |
|      Defendants.        ) | |

## NOTICE OF APPEARANCE

The undersigned, Audrey E. Brown, of the firm of Lightfoot, Franklin & White, LLC, at

The Clark Building, 400 20th Street North, Birmingham, Alabama, 35203, hereby appears as

additional counsel for defendant Acxiom Corporation.

_____/s/ Audrey E. Brown_____

One of the Attorneys for Defendant
Acxiom Corporation

OF COUNSEL:
James F. Hughey, III (HUG044)
Audrey B. Brown (BRO261)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to:

John G. Watts, Esq.
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, AL 35203
john@wattslawgroup.com

M. Stan Herring, Esq.
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
msh@mstanherringlaw.com


                              /s/ Audrey E. Brown
                                 Of Counsel


2



**AlaFile E-Notice**

01-CV-2010-903890.00

To:   JAMES FLETCHER HUGHEY III
      jhughey@lfwlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL D WRIGHT v. ACXIOM CORPORATION
01-CV-2010-903890.00

The following NOTICE OF APPEARANCE was FILED on 12/21/2010 4:52:56 PM

Notice Date:       12/21/2010 4:52:56 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
12/21/2010 4:52 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL D. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CV 2010-903890 |
| ACXIOM CORPORATION, d/b/a | ) |
| Acxiom Information Security Services, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF APPEARANCE

The undersigned, James F. Hughey, III, of the firm of Lightfoot, Franklin & White, LLC,

at The Clark Building, 400 20th Street North, Birmingham, Alabama, 35203, hereby appears as

counsel for defendant Acxiom Corporation.


_____ /s/ James F. Hughey, III _____
One of the Attorneys for Defendant
Acxiom Corporation


OF COUNSEL:
James F. Hughey, III (HUG044)
Audrey B. Brown (BRO261)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to:

John G. Watts, Esq.
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, AL 35203
john@wattslawgroup.com

M. Stan Herring, Esq.
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
msh@mstanherringlaw.com

                                    /s/ James F. Hughey, III
                                         Of Counsel

A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ACXIOM CORPORATION
C/O JERRY JONES
601 E. 3RD STREET
LITTLE ROCK, AR 72201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Judy A Ross_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  | C. Date of Delivery
Judy A Ross | 11-8-10

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

_CV 10- 903890 Src_

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7009 1680 0001 9566 3162

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
MICHAEL D WRIGHT v. ACXIOM CORPORATION

**01-CV-2010-903890.00**

To: CLERK BIRMINGHAM
    clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $6.49**

Parties to be served by **Certified Mail - Return Receipt Requested**

ACXIOM CORPORATION                              Postage: $6.49
C/O JERRY JONES
601 E. 3RD STREET                    7009 1680 0001 9566 3162
LITTLE ROCK, AR 72201


Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

ELECTRONICALLY FILED
10/27/2010 3:25 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL D. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **Case No.:** |
| | ) |
| ACXIOM CORPORATION, | )    <u>**Jury Demanded**</u> |
| d/b/a Acxiom Information Security Services, | ) |
| | ) |
| Defendant. | ) |

## <u>PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT</u>

Comes now the Plaintiff and pursuant to Rule 34 propounds these requests to Defendant.

If any objection is made to any of the discovery requests, the Defendant shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendant is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

As used in these discovery requests, documents requested mean every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendant, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type

disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These discovery requests are intended to cover all documents in Defendant's possession, or subject to Defendant's custody and control, regardless of location.  If there are no such documents, please so state.  If there are such documents, please list and mark appended documents responsive to each request.

**REQUEST FOR PRODUCTION NO. 1:**  Documents prepared or obtained by you that in any way reference the Plaintiff, Plaintiff's Social Security number, Plaintiff's true identities or any allegations or defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 2:**  Communications between you and any person other than your attorneys in this case concerning the Plaintiff or the subject of this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:**  Any and all complete liability policies issued to you that may cover your alleged liability in this action.

**REQUEST FOR PRODUCTION NO. 4:**  If you contend that you mailed the Plaintiff a notice pursuant to 15 U.S.C. §1681K(A)(1), all documents that describe or regard your process for generation, printing, mailing and archiving any notices you generated in order to comply with 15 U.S.C. 1681k(a).

**REQUEST FOR PRODUCTION NO. 5:** All documents that evidence or record the date any notice made by you to the Plaintiff pursuant to 15 U.S.C. §1681k(a) was printed or mailed.

**REQUEST FOR PRODUCTION NO. 6:** Policy manuals, procedure manuals, or other documents, concerning your programs and rules for matching records to individual consumers and their related consumer reports.

**REQUEST FOR PRODUCTION NO. 7:** Policy manuals, procedure manuals, or other documents referring to your policies, practices, or procedures to ensure the maximum possible accuracy of criminal database public records data you include in consumer reports.

**REQUEST FOR PRODUCTION NO. 8:** Documents containing internal analyses and/or audits of the accuracy of your criminal public records data.

**REQUEST FOR PRODUCTION NO. 9:** Unless you stipulate that you will not assert any defense, affirmative or otherwise, to the allegations in the Complaint which claims in any regard or manner that you sought and/or received advice from an attorney regarding how to comply with the FCRA, produce all documents which regard such alleged advice.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to identify your corporate organization, separately for each year, including but not limited to organizational charts, member lists, boards of directors lists, and directories (telephone or otherwise).

**REQUEST FOR PRODUCTION NO. 11:** Documents listing or referring to the sources of information used by you to generate the data contained in the "public records" section of consumer reports prepared or furnished by you.

**REQUEST FOR PRODUCTION NO. 12:** Documents summarizing data concerning any

complaints regarding the accuracy of your reporting of your consumer reports including, without limitation, the nature of such complaints submitted to you by consumers regarding their consumer reports.

**REQUEST FOR PRODUCTION NO. 13:**  Without regard to date, documents sufficient to identify your policy or policies with respect to the retention of documents, including, without limitation, any data stored in computer readable form.

**REQUEST FOR PRODUCTION NO. 14:**  Documents reflecting any statistics you have compiled on an annual basis regarding the number of disputes you received complaining or disputing the accuracy of your criminal public records data in consumer reports.

**REQUEST FOR PRODUCTION NO. 15:**  Each of your internal records and reports generated about or concerning the Plaintiff.

**REQUEST FOR PRODUCTION NO. 16:**  Statements you have taken or received from any third person in any way connected with the allegations or defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 17:**  Contracts, invoices, agreements, memos, letters, manuals, emails, or any other documents exchanged between you and any third party subcontractor or vendor related to the printing, mailing or archiving of letters you create pursuant to 15 U.S.C. §1681k(a).

**REQUEST FOR PRODUCTION NO. 18:** All documents or evidence of any kind you have regarding the number of days between the date a consumer's database criminal public records employment report is accessed and the date a letter is physically in the hands of the United States Postal Service pursuant to 15 U.S.C. §1681k(a).

**REQUEST FOR PRODUCTION NO. 19:**   All electronic mail and information about electronic mail (including message contents, header information, metadata, and logs of electronic mail system usage) containing information about your provision of notice pursuant to 15 U.S.C. §1681k(a).

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/27/2010 3:25 PM
CV-2010-903890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **MICHAEL D. WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **ACXIOM CORPORATION,** | ) | **Jury Demanded** |
| d/b/a Acxiom Information Security Services, | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, MICHAEL D. WRIGHT, by counsel, and alleges the following claims against Defendant, ACXIOM CORPORATION, d/b/a Acxiom Information Security Services ("Acxiom").

## *INTRODUCTION*

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.* Defendant is a consumer reporting agency which prepared and published a consumer report from public records for employment purposes regarding Plaintiff. Defendant provided this report to his employer, Pilot Catastrophe. The report was grossly inaccurate. It falsely represented, amongst other things, that the Plaintiff was a criminally convicted fugitive wanted in Florida and other jurisdictions. Acxiom had the Plaintiff mixed with a stranger. The Plaintiff has brought his individual claim pursuant to 15 U.S.C. §1681e(b) because the consumer report Defendant provided was inaccurate. Acxiom failed to follow reasonable procedures in furnishing the report and it combined his identity with an unrelated person residing in a different

1

state and without the same social security number and/or date of birth. The Plaintiff also seeks to prosecute his claim pursuant to 15 U.S.C. §1681k because Acxiom did not follow "strict procedures" in furnishing his report or provide him contemporaneous notice as otherwise required under the section.

### PARTIES

2.     Michael D. Wright is a citizen of Alabama and a "consumer" as protected and governed by the FCRA.

3.     Acxiom is a foreign corporation doing business throughout the United States, including in Alabama.

4.     Defendant is a "consumer reporting agency" as governed by the FCRA.

5.     Defendant was and continues to disburse consumer reports to third parties under contract for monetary compensation during the relevant period and currently.

### FACTS

6.     Plaintiff was employed by Pilot Catastrophe Services, Inc. ("Pilot") performing work related to insurance claims.

7.     On October 28, 2008, the Plaintiff was contacted by Pilot management and instructed to return all of his files and company property to the employer and to report to its closest facility.

8.     On October 31, 2008, Pilot provided Plaintiff a copy of his Acxiom background report, which he learned had been furnished to Pilot by Acxiom and that had been the basis for his termination of employment.

9.     When Plaintiff reviewed the Acxiom report, he saw that Acxiom had reported

2

multiple criminal convictions – including assault on a law enforcement officer and classification as a fugitive – that apparently concerned a "Michael Wright" in Florida. There was no middle name, social security number or even an address that linked the Florida Wright to the Plaintiff.

10. This report contained information that did not belong to Plaintiff. Acxiom had inaccurately mixed identity with that of a totally unrelated person. The inaccurate information included public record information likely to have an adverse affect upon Plaintiff's ability to obtain employment.

11. A popular internet website, www.howmanyofme.com, that tabulates name frequencies from US Census Bureau statistical and demographic data, estimates that there are 6,694 people in the United States named Michael Wright. http://howmanyofme.com/people/Michael_Wright/.

12. Upon information and belief, the Plaintiff alleges that when Pilot requested a consumer report from Acxiom regarding the Plaintiff, it provided Plaintiff's full name, his address, his full social security number and his full date of birth.

13. In creating and furnishing the Plaintiff's consumer report, Acxiom failed to follow reasonable procedures to assure that the report was as accurate as maximally possible. For example, Acxiom allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger with a different social security number living in a different state within Plaintiff's consumer report.

14. Though Plaintiff was later able to save his job, after significant efforts by himself and by other employees within Pilot, he suffered significant injury nonetheless, including an extended period of panic and emotional distress in which he believed he had lost his sole source

3

of income.  He suffered physical symptoms as well including, but not limited to, being sick to his stomach and faint and short of breath.   In this period, Plaintiff was treated by his physician and prescribed medication for shortness of breath, shaking, feelings of heat, loss of appetite and insomnia.

15.     Acxiom's failure to follow these reasonable procedures was a substantial factor in the Pilot adverse employment action and other related actual harm the Plaintiff suffered.

16.     Upon learning of the report inaccuracies on October 31, 2008, Plaintiff immediately contacted Acxiom by telephone and informed it of its inaccuracies.  The employee at Acxiom represented herself to be a manager and indicated that it would "take four to six weeks" to make the corrections.  She confirmed that Acxiom had never checked its data by social security number.  When Plaintiff sought more immediate help, the Acxiom employee became rude and then hung up.

17.     Acxiom mailed Plaintiff a corrected report on November 18, 2008.  This was the first communication Acxiom had sent, mailed or otherwise provided the Plaintiff.

18.     Despite providing a report for employment purposes containing public record information likely to have an adverse affect upon Plaintiff's ability to obtain employment there, Acxiom failed to provide notice to Plaintiff at the time Defendant furnished the report or even thereafter (a.) that the public record information was being reported or (b.) the name and address of the person to whom such information was being reported.

### COUNT ONE:  FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)

19.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set

forth at length herein.

20.     Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiff.

21.     As a result of the conduct, actions and inactions of the Defendant, the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: damage to reputation, embarrassment, humiliation and other emotional and mental distress, including physical symptoms thereof.

22.     Defendant's violation of 15 U.S.C. §1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. §1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

23.     The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681k(a)(1)

24.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

25.     Defendant's failure to follow strict procedures or to provide the required FCRA notices to the Plaintiff as required in the section violated 15 U.S.C. §1681k(a).

26.     The conduct, action, and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15

5

U.S.C. §1681n.

27.     Plaintiff is entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff moves for judgment against the Defendant for actual and/or statutory damages and punitive damages; and for attorney's fees and costs, and such other specific or general relief the Court does find just and appropriate.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

6

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

**Acxiom Corporation**
**c/o Jerry C. Jones**
**601 E. 3rd Street**
**Little Rock, AR 72201**

7

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2010-903890.00 |
| --- | --- | --- |

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**MICHAEL D WRIGHT v. ACXIOM CORPORATION**

**NOTICE TO** ACXIOM CORPORATION, C/O JERRY JONES 601 E. 3RD STREET, LITTLE ROCK, AR 72201

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  MICHAEL D WRIGHT
pursuant to the Alabama Rules of the Civil Procedure

| 10/27/2010 3:25:49 PM | /s ANNE-MARIE ADAMS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested      /s JOHN GRIFFIN WATTS
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**01-CV-201**<br>Date of Filing:<br>10/27/2010 | ELECTRONICALLY FILED<br>10/27/2010 3:25 PM<br>CV-2010-903890.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**MICHAEL D WRIGHT v. ACXIOM CORPORATION**

**First Plaintiff:** ☐ Business   ☑ Individual          **First Defendant:** ☑ Business   ☐ Individual
                    ☐ Government  ☐ Other                              ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

            R ☐ REMANDED              T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT    _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes   ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   WAT056          10/27/2010 3:17:01 PM          /s JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**   ☐ Yes   ☑ No   ☐ Undecided