FILED

2011 Mar-29  AM 08:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. WRIGHT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  2:11-cv-00132-HGD |
| | ) | |
| ACXIOM INFORMATION | ) | |
| SECURITY SERVICES, INC., | ) | |
| | ) | |
| Defendant | ) | |

## QUALIFIED HIPAA PROTECTIVE ORDER

Upon compliance with the applicable discovery provisions of the Federal Rules

of Civil Procedure, the attorneys for the parties to this lawsuit are permitted to obtain

from any health care providers, health plans, or other entities covered by the Health

Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat.

1936 (1996) ("HIPAA"), and to inspect and copy, any and all information relating to

the past, present, or future medical condition of any individual who is a party to this

action (or of any decedent or other real party in interest, represented by an executor,

administrator, guardian, next friend, bailee or trustee), as well as any and all

information relating to the provision of health care to such individual and payment

for the provision of such health care.

Subject to the provisions of Rule 26, Fed.R.Civ.P., pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information").  Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.  This court order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This court order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**Nothing in this order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure.  Nothing in this order permits disclosure of confidential communications made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this**

**order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.**

This Protective Order is intended to assist the parties to this action, and third-parties who receive subpoenas from the parties, to comply with the privacy requirements imposed upon Protected Health Information by HIPAA and regulations promulgated thereto.  Nothing in this order shall be construed to authorize any party or any attorney for any party to release, exchange, submit, or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  The parties are expressly prohibited from using or disclosing the Protected Health Information obtained pursuant to this order for any purpose other than this action.  Further, the parties and any other recipients of the Protected Health Information are ORDERED to either return to the covered entity from whom or which such Protected Health Information was obtained, or to destroy the Protected Health Information (including all copies made), immediately upon conclusion of this action.  *See* 45 C.F.R. § 164.512(e)(1)(v).

DONE this 28th day of March, 2011.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE